HONORABLE JAMES L. ROBART

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WASTE ACTION PROJECT,

Plaintiff,

v.

BROWN LINE, LLC,

Defendant.

CASE NO. 2:16-cv-01615-JLR

**STIPULATED
PROTECTIVE ORDER**

1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

STIPULATED PROTECTIVE ORDER
[PROPOSED] - 1
Case No. 2:16-cv-01615-JLR

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

2.      "CONFIDENTIAL" MATERIAL

        "Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: The Parties' financial records, confidential business information, and trade secrets.

3.      SCOPE

        The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

        However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.      ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

        4.1     Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

        4.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

                (a)     the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

                (b)     the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

STIPULATED PROTECTIVE ORDER
[PROPOSED] - 2
Case No. 2:16−cv−01615−JLR

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

1   agree that a particular document or material produced is for Attorney's Eyes Only and is so

2   designated;

3           (c)     experts and consultants to whom disclosure is reasonably necessary for this

4   litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5           (d)     the court, court personnel, and court reporters and their staff;

6           (e)     copy or imaging services retained by counsel to assist in the duplication of

7   confidential material, provided that counsel for the party retaining the copy or imaging service

8   instructs the service not to disclose any confidential material to third parties and to immediately

9   return all originals and copies of any confidential material;

10          (f)     during their depositions, witnesses in the action to whom disclosure is

11   reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

12   (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

13   transcribed deposition testimony or exhibits to depositions that reveal confidential material must

14   be separately bound by the court reporter and may not be disclosed to anyone except as permitted

15   under this agreement;

16          (g)     the author or recipient of a document containing the information or a

17   custodian or other person who otherwise possessed or knew the information.

18      4.3     Filing Confidential Material. Before filing confidential material or discussing or

19   referencing such material in court filings, the filing party shall confer with the designating party

20   to determine whether the designating party will remove the confidential designation, whether the

21   document can be redacted, or whether a motion to seal or stipulation and proposed order is

22   warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards

23   that will be applied when a party seeks permission from the court to file material under seal.

24   5.     DESIGNATING PROTECTED MATERIAL

25      5.1     Exercise of Restraint and Care in Designating Material for Protection. Each party

26   or non-party that designates information or items for protection under this agreement must take

STIPULATED PROTECTIVE ORDER
[PROPOSED] - 3
Case No. 2:16-cv-01615-JLR

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

1   care to limit any such designation to specific material that qualifies under the appropriate

2   standards. The designating party must designate for protection only those parts of material,

3   documents, items, or oral or written communications that qualify, so that other portions of the

4   material, documents, items, or communications for which protection is not warranted are not swept

5   unjustifiably within the ambit of this agreement.

6          Mass, indiscriminate, or routinized designations are prohibited. Designations that are

7   shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

8   unnecessarily encumber or delay the case development process or to impose unnecessary expenses

9   and burdens on other parties) expose the designating party to sanctions.

10         If it comes to a designating party's attention that information or items that it designated for

11  protection do not qualify for protection, the designating party must promptly notify all other parties

12  that it is withdrawing the mistaken designation.

13         5.2     Manner and Timing of Designations. Except as otherwise provided in this

14  agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

15  ordered, disclosure or discovery material that qualifies for protection under this agreement must

16  be clearly so designated before or when the material is disclosed or produced.

17             (a)    Information in documentary form: (*e.g.*, paper or electronic documents and

18  deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

19  the designating party must affix the word "CONFIDENTIAL" to each page that contains

20  confidential material. If only a portion or portions of the material on a page qualifies for protection,

21  the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate

22  markings in the margins).

23             (b)    Testimony given in deposition or in other pretrial proceedings: the parties

24  and any participating non-parties must identify on the record, during the deposition or other pretrial

25  proceeding, all protected testimony, without prejudice to their right to so designate other testimony

26  after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the

STIPULATED PROTECTIVE ORDER
[PROPOSED] - 4
Case No. 2:16-cv-01615-JLR

1 transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or

2 exhibits thereto, as confidential. If a party or non-party desires to protect confidential information

3 at trial, the issue should be addressed during the pre-trial conference.

4          (c)    Other tangible items: the producing party must affix in a prominent place

5 on the exterior of the container or containers in which the information or item is stored the word

6 "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

7 the producing party, to the extent practicable, shall identify the protected portion(s).

8      5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

9 designate qualified information or items does not, standing alone, waive the designating party's

10 right to secure protection under this agreement for such material. Upon timely correction of a

11 designation, the receiving party must make reasonable efforts to ensure that the material is treated

12 in accordance with the provisions of this agreement.

13 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

14      6.1    Timing of Challenges. Any party or non-party may challenge a designation of

15 confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

16 designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

17 burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

18 challenge a confidentiality designation by electing not to mount a challenge promptly after the

19 original designation is disclosed.

20      6.2    Meet and Confer. The parties must make every attempt to resolve any dispute

21 regarding confidential designations without court involvement. Any motion regarding confidential

22 designations or for a protective order must include a certification, in the motion or in a declaration

23 or affidavit, that the movant has engaged in a good faith meet and confer conference with other

24 affected parties in an effort to resolve the dispute without court action. The certification must list

25 the date, manner, and participants to the conference. A good faith effort to confer requires a face-

26 to-face meeting or a telephone conference.

STIPULATED PROTECTIVE ORDER
[PROPOSED] - 5
Case No. 2:16-cv-01615-JLR

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

1       6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court

2 intervention, the designating party may file and serve a motion to retain confidentiality under Local

3 Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

4 persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

5 made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

6 other parties) may expose the challenging party to sanctions. All parties shall continue to maintain

7 the material in question as confidential until the court rules on the challenge.

8 7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

9 <u>LITIGATION</u>

10       If a party is served with a subpoena or a court order issued in other litigation that compels

11 disclosure of any information or items designated in this action as "CONFIDENTIAL," that party

12 must:

13          (a)    promptly notify the designating party in writing and include a copy of the

14 subpoena or court order;

15          (b)    promptly notify in writing the party who caused the subpoena or order to

16 issue in the other litigation that some or all of the material covered by the subpoena or order is

17 subject to this agreement. Such notification shall include a copy of this agreement; and

18          (c)    cooperate with respect to all reasonable procedures sought to be pursued by

19 the designating party whose confidential material may be affected.

20 8.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

21       If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

22 material to any person or in any circumstance not authorized under this agreement, the receiving

23 party must immediately (a) notify in writing the designating party of the unauthorized disclosures,

24 (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the

25 person or persons to whom unauthorized disclosures were made of all the terms of this agreement,

26

STIPULATED PROTECTIVE ORDER
[PROPOSED] - 6
Case No. 2:16-cv-01615-JLR

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

1 | and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be

2 | Bound" that is attached hereto as Exhibit A.

3 | 9.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

4 | MATERIAL

5 | When a producing party gives notice to receiving parties that certain inadvertently

6 | produced material is subject to a claim of privilege or other protection, the obligations of the

7 | receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

8 | is not intended to modify whatever procedure may be established in an e-discovery order or

9 | agreement that provides for production without prior privilege review. The parties agree to the

10 | entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

11 | 10.   NON TERMINATION AND RETURN OF DOCUMENTS

12 | Within 60 days after the termination of this action, including all appeals, each receiving

13 | party must return all confidential material to the producing party, including all copies, extracts and

14 | summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

15 | Notwithstanding this provision, counsel are entitled to retain one archival copy of all

16 | documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

17 | deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

18 | product, even if such materials contain confidential material.

19 | The confidentiality obligations imposed by this agreement shall remain in effect until a

20 | designating party agrees otherwise in writing or a court orders otherwise.

21 | //

22 | //

23 | //

24 | //

25 | //

26 |

STIPULATED PROTECTIVE ORDER
[PROPOSED] - 7
Case No. 2:16-cv-01615-JLR

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

1     IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2  DATED: December 28, 2017                    SMITH & LOWNEY, PLLC

3                                              By: s/ Meredith A. Crafton
                                               Meredith Crafton, WSBA No. 46558
4                                              Knoll Lowney, WSBA No. 23457
                                               Katherine Brennan, WSBA No. 51247
5                                              2317 E. John St.
6                                              Seattle, WA 98112
                                               Tel: (206) 860-2883
7                                              Fax: (206) 860-4187
                                               E-mail: meredith@smithandlowney.com,
8                                              knoll@smithandlowney.com,
                                               katherine@smithandlowney.com
9                                              Attorneys for Plaintiff

10

11  DATED: December 28, 2017                    PERKINS COIE LLP

12                                             s/ Margaret Hupp
                                               Margaret Hupp WSBA No. 43295
13                                             Michael Dunning WSBA No. 29452
                                               1201 Third Ave Suite 4900601
14                                             Seattle, WA 98101-3099
15                                             MDunning@perkinscoie.com
                                               MHupp@perkinscoie.com
16                                             Attorneys for Defendant

17

18     PURSUANT TO STIPULATION, IT IS SO ORDERED.

      IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any
19

    documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding
20

    in any other court, constitute a waiver by the producing party of any privilege applicable to those
21

    documents, including the attorney-client privilege, attorney work-product protection, or any other
22

    privilege or protection recognized by law.
23

    DATED: the 29th of December 2017
24

25                                             _____
                                               James L. Robart
26                                             United States District Court Judge

    STIPULATED PROTECTIVE ORDER                       Smith & Lowney, p.l.l.c.
    [PROPOSED] - 8                                     2317 East John Street
    Case No. 2:16-cv-01615-JLR                       Seattle, Washington 98112
                                                         (206) 860-2883

1

### EXHIBIT A

2

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3    I, _____ [print or type full name], of

4    _____ [print or type full address], declare under penalty of

5    perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6    issued by the United States District Court for the Western District of Washington on _____

7    [date] in the case of WASTE ACTION PROJECT v. BROWN LINE, LLC, CASE NO. 2:16-cv-

8    01615-JLR. I agree to comply with and to be bound by all the terms of this Stipulated Protective

9    Order and I understand and acknowledge that failure to so comply could expose me to sanctions

10   and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

11   any information or item that is subject to this Stipulated Protective Order to any person or entity

12   except in strict compliance with the provisions of this Order.

13   I further agree to submit to the jurisdiction of the United States District Court for the

14   Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

15   Order, even if such enforcement proceedings occur after termination of this action.

16   Date: _____

17   City and State where sworn and signed: _____

18   Printed name: _____

19   Signature: _____

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
[PROPOSED] - 9
Case No. 2:16-cv-01615-JLR