HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASTE ACTION PROJECT, | No. 2:16-cv-01615-JLR |
| Plaintiff, | CONSENT DECREE |
| v. | FOR CONSIDERATION |
| BROWN LINE, LLC | |
| Defendant. | |

## I.    STIPULATIONS

Plaintiff Waste Action Project ("WAP") sent a sixty day notice of intent to sue letter to defendant Brown Line, LLC. ("Brown Line") on or about July 29, 2016, and filed a complaint on October 14, 2016, alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater from Brown Line's facility in Mount Vernon, Washington and seeking declaratory and injunctive relief, civil penalties and attorneys fees and costs.

Brown Line admits to violating the Clean Water Act.

WAP and Brown Line agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree is the most appropriate means of

CONSENT DECREE: No. 2:16-cv-01615-JLR

p. 1

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

resolving this action.

WAP and Brown Line stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding WAP's claims or allegations set forth in its complaint and its sixty-day notice.

DATED this 5th day of April, 2018

| PERKINS COIE LLP | SMITH & LOWNEY PLLC |
|---|---|
| By s/Michael Dunning<br>Michael Dunning, WSBA #29452<br>Margaret Hupp, WSBA #43295<br>Attorneys for Defendant Brown Line, LLC. | By s/Meredith A. Crafton<br>Knoll Lowney, WSBA #23457<br>Meredith Crafton, WSBA #46558<br>Katherine Brennan, WSBA #51247<br>Attorneys for Plaintiff Waste Action Project |
| BROWN LINE, LLC | WASTE ACTION PROJECT |
| By [signature]<br>Bill Johansen<br>President | By [signature] Greg Wingard<br>Greg Wingard<br>WAP Executive Director |

## II. ORDER AND DECREE

THIS MATTER came before the Court upon the foregoing Stipulations of the parties. Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This Court has jurisdiction over the parties and subject matter of this action.

2. Each signatory for the parties certifies for that party that he or she is authorized to enter into the agreements set forth below.

3. This Consent Decree applies to and binds the parties and their successors and assigns.

CONSENT DECREE: No. 2:16-cv-01615-JLR

p. 2

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

4.  This Consent Decree and any injunctive relief ordered within will apply to the operation, oversight, or both by Defendant Brown Line of its Facility at 3814 Old Highway 99 South, Mount Vernon, WA 98273 (the "Facility"). (the "*Facility*"), which is subject to National Pollutant Discharge Elimination System Permit No. WAR000396 (the "*NPDES permit*").

5.  This Consent Decree is a full and complete settlement and release of all the claims in the complaint, the sixty-day notice and all other claims known and unknown, contingent or otherwise, for any acts or omissions, existing as of the date of entry of this Consent Decree, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operations of the Facility against Brown Line, its parent, affiliates, subsidiaries, employees, agents, successors and assigns. These claims are released and dismissed with prejudice.

6.  This Consent Decree is a settlement of disputed facts and law. Except as to the admission of liability above, this Consent Decree is not an admission or adjudication regarding any specific allegations by WAP in this case or of any fact or conclusion of law related to those allegations, nor evidence of any wrongdoing or misconduct on the part of Brown Line.

7.  Brown Line agrees to the following terms and conditions in full and complete satisfaction of all the claims covered by this decree:

    a.  Brown Line will comply fully with all conditions of its National Pollutant Discharge Elimination System Permit No. WAR000396 and any successor, modified, or replacement permit authorizing discharges of stormwater associated with industrial activity from the Facility. Brown Line reserves all rights consistent with the permit to seek modification of the permit, termination of the permit or any other change to the permit authorized by law;

CONSENT DECREE: No. 2:16-cv-01615-JLR

p. 3

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

  b. For a period of 2 years after the entry of the decree, Brown Line shall, on a quarterly basis, electronically forward to WAP copies of all communications to and/or from Ecology related to its NPDES permit or stormwater discharges from the facility;

  c. Brown Line will install and have operational a site-wide stormwater treatment system by September 30, 2018. The selected treatment system will be either WaterTectonics or Clear Creek Systems chitosan enhanced sand filtration (CESF) system or a StormWateRx system.

  d. Brown Line will contract with the manufacturer or a qualified third party to install and maintain its stormwater treatment system.

  e. Brown Line shall complete an "Engineering Report" that meets the requirements of the 2015 General Permit, for the facility. Brown Line shall indicate its preferred treatment option is either WaterTectonics, Clear Creek Systems, or StormWateRx. Brown Line will give WAP the opportunity to comment on its engineering report and make a good faith effort to address WAP's concerns. The Engineering Report must meet the current engineering report requirements for a Level Three Response under the 2015 permit.

    i. Brown Line shall provide the draft Engineering Report to WAP by April 9, 2018.

    ii. WAP shall return any comments on the Engineering Report by April 20, 2018.

    iii. Brown Line will finalize the Engineering Report and submit to Ecology by May 15, 2018.

CONSENT DECREE: No. 2:16-cv-01615-JLR

p. 4

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

The Engineering Report shall also include study and plan for implementation of the selected additional operational and structural source control BMP. These must at a minimum, include the following:

    i.    clean slot drains by the loading dock and fueling station and ensure that this action is included as a BMP in the updated SWPPP;

    ii.    ensure that all stormwater from the fueling station is directed towards a shut-off valve that is approved by Ecology or a licensed engineer, and that an engineer certifies that the treatment system and BMPs meet the required structural source control BMPs for fueling stations;

    iii.    install secondary containment for all liquid storage at the facility; and

    iv.    ensure all dumpsters are fully covered and closed.

f.    Brown Line will pay $2500 towards WAP's expert review of the revised SWPPP and Draft Engineering report and a site visit after installation of treatment system.

g.    Brown Line shall work with its qualified stormwater consultant to update its stormwater pollution prevention plan ("SWPPP") to meet the requirements of the 2015 General Permit. The SWPPP must be updated to include the following elements:

    i.    The incorporation of this consent decree reached with WAP;

    ii.    The incorporation of relevant BMPs and operation and maintenance requirements from the selected treatment systems and BMPs in the final engineering report;

CONSENT DECREE: No. 2:16-cv-01615-JLR

p. 5

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

       iii.     An updated and accurate site map that correctly labels location of catch basins, shut-off valves, and oil/water separator;

       iv.     Should Brown Line install a StormwateRx treatment system, then Brown Line shall conduct accelerated monitoring of its stormwater discharges for a period of one year after full implementation of the treatment system and BMPs selected in the engineering report. During that time, Brown Line shall collect and have analyzed no fewer than two samples per calendar quarter, from each sampling location identified in the SWPPP in different months, so long as qualified events occur within a quarter, as defined by the modified permit. Brown Line shall provide WAP with the results of each sample collected on a quarterly basis. If two or more samples in a given year at a single outfall fail to meet benchmarks for a specific parameter at a specific outfall, this accelerated monitoring requirement will be extended for an additional year for the specific parameter and outfall;

       v.     The SWPPP shall require ongoing documentation of the implementation of operational BMPs, including inspections, sweeping, cleaning of catch basins or other stormwater conveyance features, and replacement of catch basin inserts.

h.     The following timelines and process for collaboration and dispute resolutions will govern the Draft SWPPP:

       i.     Brown Line shall complete the Draft SWPPP and provide a copy to WAP within 15 days of the entry of the Consent Decree;

CONSENT DECREE: No. 2:16-cv-01615-JLR

p. 6

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

       ii.     WAP shall thereafter have 15 days to provide comments and/or proposed revisions to the draft SWPPP.

       iii.    Brown Line shall have 15 days to respond in writing to WAP's comments and/or proposed revisions;

       iv.    Should Brown Line not accept WAP's comments and/or proposed revisions, the parties and/or their consultants shall, within two weeks, confer in an attempt to resolve disputes;

       v.     Any remaining differences shall be resolved by the Court. WAP will have the burden of showing by a preponderance of the evidence that the SWPPP does not meet the requirements of section 7.g. of this consent decree. Should WAP be successful in obtaining additional modifications to the SWPPP, Brown Line shall pay WAP's reasonable attorney fees and costs.

       vi.    The SWPPP shall become final thirty days after the draft is provided if WAP does not raise any objections or, if an objection is made, at the conclusion of the resolution process.

j.    Brown Line shall implement the selected treatment systems and BMPs from the Engineering Report and SWPPP, including submitting the Engineering Report to Ecology on or before May 15, 2018, and completing installation prior to September 30, 2018;

8.    Not later than seven (7) days after the entry of this Consent Decree by this Court, Brown Line will pay ($554,000 dollars) to EarthCorps for projects to improve the water quality of the Lower Skagit River Watershed as described in **Attachment A** to this Consent Decree. The check will be made to the order of and delivered to: EarthCorps, 6310 NE 74th Street, Suite 201E,

CONSENT DECREE: No. 2:16-cv-01615-JLR

p. 7

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

Seattle WA 98115. Payment will include the following reference in a cover letter or on the check: "Consent Decree, WAP v. Brown Line, Inc." A copy of the check and cover letter, if any, will be sent simultaneously to WAP and its counsel.

9. Within seven (7) days of entry of this Consent Decree by the Court, Defendant shall pay ($128,500 dollars) to cover Plaintiff's litigation fees, expenses, and costs (including reasonable attorney and expert witness fees) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Knoll Lowney. Defendant's payment shall be in full and complete satisfaction of any claims Plaintiff has or may have, either legal or equitable, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in the Litigation.

10. A force majeure event is any event outside the reasonable control of Brown Line that causes a delay in performing tasks required by this decree that cannot be cured by due diligence. Delay in performance of a task required by this decree caused by a force majeure event is not a failure to comply with the terms of this decree, provided that Brown Line notifies WAP of the event; the steps that Brown Line will take to perform the task; the projected time that will be needed to complete the task; and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

Brown Line will notify WAP of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen days after the occurrence of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

CONSENT DECREE: No. 2:16-cv-01615-JLR

p. 8

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

    a. Acts of God, war, insurrection, or civil disturbance;

    b. Earthquakes, landslides, fire, floods;

    c. Actions or inactions of third parties over which defendant has no control;

    d. Unusually adverse weather conditions;

    e. Restraint by court order or order of public authority;

    f. Strikes;

    g. Any permit or other approval sought by Brown Line from a government authority to implement any of the actions required by this consent decree where such approval is not granted or is delayed, and where Brown Line has timely and in good faith sought the permit or approval; and

    h. Litigation, arbitration, or mediation that causes delay.

11. This Court retains jurisdiction over this matter. And, while this Decree remains in force, this case may be reopened without filing fee so that the parties may apply to the Court for any further order that may be necessary to enforce compliance with this decree or to resolve any dispute regarding the terms or conditions of this Decree. In the event of a dispute regarding implementation of, or compliance with, this Decree, the parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute as provided in section 7.h of this Decree. The provisions of section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, will apply to any proceedings seeking to enforce the terms and conditions of this Consent Decree.

12. The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior

CONSENT DECREE: No. 2:16-cv-01615-JLR

p. 9

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

to 45 days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA.  Therefore, upon the filing of this Consent Decree by the parties, WAP will serve copies of it upon the Administration of the U.S. EPA and the Attorney General, with copy to Brown Line.

13.     This Consent Decree will take effect upon entry by this Court.  It terminates three years after that date, or 90 days after the parties' completion of all obligations imposed by this Decree, whichever is later.

14.     Both parties have participated in drafting this decree.

15.     This Consent Decree may be modified only upon the approval of the Court.

16.     If for any reason the court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party.  The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the court to entry of this Consent Decree.

17.     Notifications required by this Consent Decree must be in writing.  The sending party may use any of the following methods of delivery: (1) personal delivery; (2) registered or certified mail, in each case return receipt requested and postage prepaid; or (3) a nationally recognized overnight courier, with all fees prepaid.  For a notice or other communication regarding this decree to be valid, it must be delivered to the receiving party at the one or more addresses listed below or to any other address designated by the receiving party in a notice in accordance with this paragraph 17.

**if to WAP:**
Waste Action Project
PO Box 9281
Covington, WA 98042
email: gwingard@earthlink.net

CONSENT DECREE: No. 2:16-cv-01615-JLR

p. 10

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

**and to:**
Knoll D. Lowney
Meredith A. Crafton
Smith & Lowney PLLC
2317 East John St.
Seattle, WA 98112
email: knoll@smithandlowney.com, meredith@smithandlowney.com

**if to Brown Line:**
Bill Johansen
Brown Line LLC
3814 Old Highway 99 south
Mount Vernon, WA 98273
billj@lynden.com

**and to:**
Michael L. Dunning
Margaret C. Hupp
Perkins Coie LLP
1201 3rd Avenue, Suite 4900
Seattle, WA 98101-3099
MDunning@perkinscoie.com
MHupp@perkinscoie.com

A notice or other communication regarding this Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day, or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the next business day. A notice or other communication will be deemed to have been received: (a) if it is delivered in person or sent by registered or certified mail or by nationally recognized overnight courier, upon receipt as indicated by the date on the signed receipt; or (b) if the receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a change in address for which no notice was given, then upon that rejection, refusal, or inability to deliver.

CONSENT DECREE: No. 2:16-cv-01615-JLR

p. 11

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

DATED this 8th day of June, 2018.

_____
HON. JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

Presented by:

| PERKINS COIE LLP | SMITH & LOWNEY PLLC |
|---|---|
| By s/Michael Dunning<br>Michael Dunning, WSBA #29452<br>Margaret Hupp, WSBA #43295<br>Attorneys for Defendant<br>Brown Line, LLC. | By s/Meredith A. Crafton<br>Knoll Lowney, WSBA #23457<br>Meredith Crafton, WSBA #46558<br>Katherine Brennan, WSBA #51247<br>Attorneys for Plaintiff<br>Waste Action Project |

CONSENT DECREE: No. 2:16-cv-01615-JLR

p. 12

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883



March 21, 20018

RE: Waste Action Project v. Brown Line LLC.

To Whom It May Concern:

This letter is intended to provide assurance that I have received the Consent Decree between Waste Action Project and Brown Line LLC and that I am authorized by my Board of Directors to make the following binding commitments on behalf of EarthCorps:

1. I understand that EarthCorps should receive funds from Brown Line LLC as specified in the Consent Decree.
2. EarthCorps shall only use these Brown Line LLC funds for environmentally beneficial projects which benefit the lands and waters of Puget Sound. We shall expend these funds working with partners wholly dedicated to supporting projects which benefit the water quality of Puget Sound.
3. Due to the location of the Brown Line LLS in the Lower Skagit River watershed, in selecting projects, EarthCorps shall target the funds towards projects located in or directly benefitting the Lower Skagit River watershed. Furthermore, EarthCorps shall work with community partners to select projects that benefit not only the watershed, but also neighborhoods and communities impacted by environmental degradation in the area.
4. After funds have been disbursed, EarthCorps shall send a report to the Justice Department, the Court and the Parties describing how the funds were utilized and demonstrating conformance with the nexus of the Consent Decree.

EarthCorps is a community-based 501(c)3 nonprofit (Tax ID 91-1592017) organization dedicated to protecting and restoring local watershed lands. EarthCorps' mission is to develop leaders who strengthen community and restore the health of our environment. To fulfill this mission, EarthCorps raises money and secures funding to conduct the following activities:

- Implement habitat restoration and stewardship projects. Primary activities by EarthCorps on the Lower Skagit River watershed have focused on invasive plant removal and installation of native plants.
- Engage youth and community volunteers in hands-on stewardship.
- Train young adults for stewardship careers.
- Partner with government, nonprofit, and community organizations in carrying out our charitable purpose. Recent project partners have included the Skagit Land Trust, Swinomish Indian Tribe, and Skagit Fisheries Enhancement Group.
- EarthCorps does not support lobbying activities that are prohibited by Section 501(c)(3) of the IRS Code, and no portion of the Brown Line LLC funds shall be used to support any political lobbying activities whatsoever.

**LOCAL RESTORATION | GLOBAL LEADERSHIP**

6310 NE 74th Street, Suite 201E Seattle, WA 98115 *phone* 206.322.9296 *fax* 206.322.9312 *www.earthcorps.org*

EarthCorps is governed by a Board of Directors. EarthCorps is committed to sound fiscal management. EarthCorps contracts with an independent certified public accounting firm to conduct an audit annually. Please do not hesitate to contact me with questions or for additional information.

Sincerely,

Steve Dubiel
Executive Director